ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Ste 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
TOD TUMEY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| TOD TUMEY, <br><br> Plaintiff, <br><br> vs. <br><br> JPMORGAN CHASE BANK, N.A., and PARAMOUNT RECOVERY SERVICE DBA PARAMOUNT RECOVERY SERVICE LLC, <br><br> Defendants. | Case No: 1:23-cv-555 <br><br> **COMPLAINT FOR WRONGFUL REPOSSESSION** |

Plaintiff Tod Tumey hereby complains against defendants JPMorgan Chase Bank, N.A. ("Chase"), and Paramount Recovery dba Paramount Recovery Service LLC ("Paramount"), and alleges as follows:

## OPERATIVE FACTS

1. Plaintiff is a Texas attorney who purchased a vehicle from an auto dealership, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract to defendant Chase. Plaintiff subsequently fell behind on the contract payments.

2. Chase hired defendant Paramount to repossess plaintiff's vehicle.

3. Defendants breached the peace during the repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2). Defendant Paramount arrived with a tow truck while plaintiff was parked at a post office. Plaintiff objected to the repossession before Paramount hooked up the vehicle. Paramount's tow truck driver refused to retreat, as he was required to do under the law, and told plaintiff he was taking the f***ing car, and woul f**k plaintiff up if he tried to stop him. The tow truck driver asked for plaintiff's keys, plaintiff refused, and the driver said he would take the f***ing keys from plaintiff. The driver also stated that even if plaintiff stopped him from taking the vehicle, he knew where plaintiff lived, would show up there, and that plaintiff didn't want that to happen. Paramount repossessed the vehicle.

## JURISDICTION AND VENUE

4. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because all defendants reside in Texas, and one or more of the defendants reside in this district.

1

# PARTIES

6. Plaintiff is a natural person over the age of 18 years and is a resident of Houston, Texas.

7. Defendant Paramount Recovery dba Paramount Recovery Service LLC is a Delaware entity of unknown form, who maintains its Texas headquarters in Austin, Texas.

8. Defendant JPMorgan Chase Bank, N.A. is a national bank who does business throughout Texas.

9. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

# FIRST CAUSE OF ACTION
**(Against Defendant Paramount for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

10. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

11. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

13. Defendant had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

14. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

15. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

16. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Chase for Violations of the Uniform Commercial Code)**

17. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

18. Defendant violated Texas Bus. & Commerce Code § 9.609(b)(2) by repossessing plaintiff's vehicle in breach of the peace.

19. Defendant violated Texas Bus. & Commerce Code § 9.611(b) and 9.612(a) by sending a notice of sale of the vehicle to plaintiff's old address, after plaintiff had given his new address to defendant.

20. Plaintiff is entitled to recover the actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

21. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

22. Plaintiff is entitled to recover his attorneys fees and costs.

WHEREFORE, plaintiff prays for relief as set forth below.

3

## THIRD CAUSE OF ACTION
### (Against Defendant Chase for Breach of Contract)

23. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

24. In its written contract with plaintiff, defendant Chase promised as follows: "If you default, we may take (repossess) the vehicle from you, if we do so peacefully and the law allows it."

25. Defendant breached this promise when it repossessed plaintiff's vehicle in breach of the peace.

26. As a proximate result of defendant's breach of contract, plaintiff has suffered damages.

27. Plaintiff is entitled to recover attorneys fees and costs pursuant to Texas Civil Practice And Remedies Code § 38.001(8).

## FOURTH CAUSE OF ACTION
### (Against All Defendants For Violations Of The Texas Fair Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)

28. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

30. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

31. Defendants violated Tex. Fin. Code § 392.301(a)(1) by threatening to use violence or criminal means to cause harm to plaintiff.

32. Defendants violated Tex. Fin. Code § 392.302(1) by using profane or obscene language, or language intended to abuse unreasonably the hearer or reader.

33. Defendant Chase violated Tex. Fin. Code § 392.304(a)(19) by stating

4

in a letter to plaintiff after the repossession that plaintiff might be eligible to get the vehicle back by reinstating the agreement, when Chase had no intention of allowing a reinstatement, and in fact denied plaintiff's multiple requests to reinstate.

34. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

35. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

## FIFTH CAUSE OF ACTION
### (Against All Defendants For Assault)

36. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

37. Defendants committed assault by intentionally or knowingly threatening plaintiff with imminent bodily injury.

38. Plaintiff is entitled to actual damages, in an amount according to proof.

39. The conduct of defendants as described herein warrants the imposition of exemplary damages. Exemplary damages will serve to deter this type of conduct, and set an example for others in the repossession and auto finance business. Defendants' conduct in undertaking this violent and abusive course of conduct was, and continues to be, malicious and in wanton disregard of plaintiffs' rights. This type of conduct merits an award of exemplary damages, to punish and make an example of defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For exemplary damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the

5

investigation, filing and prosecution of this action; and

    6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: May 18, 2023                      Respectfully Submitted,

                                                TRUEBLOOD LAW FIRM

                                                By: /s/ *Alexander B. Trueblood*

                                                Alexander B. Trueblood
                                                Attorneys for Plaintiff
                                                TOD TUMEY